An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALVIN DINO DIAZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62831

**FILED**

OCT 17 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Alvin Diaz's post-conviction motion to withdraw his guilty plea and vacate conviction and/or modify sentence. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Diaz contends that the district court erred by denying his post-conviction motion to withdraw his guilty plea because counsel's failure to advise him regarding the immigration consequences of pleading guilty resulted in a manifest injustice. *See* NRS 176.165. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We review a district court's decision whether counsel was ineffective de novo. *Rubio v. State*, 124 Nev. 1032, 1039, 194 P.3d 1224, 1229 (2008).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31166

We conclude that the district court did not err by determining that Diaz failed to demonstrate a manifest injustice sufficient to withdraw his plea. The holding in *Padilla v. Kentucky*, 559 U.S. 356 (2010), that counsel is deficient for failing to advise his client regarding the immigration consequences of a guilty, plea constituted a new rule which only controls cases that were not final when it was decided. *Chaidez v. United States*, 568, U.S. ___, ___, 133 S. Ct. 1103, 1113 (2013); *see Colwell v. State*, 118 Nev. 807, 819-20, 59 P.3d 463, 472 (2002). Diaz's conviction became final when the judgment was entered, the availability of a direct appeal had been exhausted, and the time for a petition for certiorari to the Supreme Court had expired. *Colwell*, 118 Nev. at 820, 59 P.3d at 472. We reject Diaz's assertion that his case was not final when *Padilla* was decided because the instant motion is incidental to trial court proceedings, as well as his assertion that the retroactivity analysis described in *Colwell* should not apply for the same reason, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

(O) 1947A

cc:   Hon. Elissa F. Cadish, District Judge
Law Offices of Anthony D. Guenther, Esq.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A